# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM WILLIAMS, | Case No.: 1:19-cv-00990-SKO (HC) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | |
| | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| SCOTT YOUNG, | |
| Respondent. | [THIRTY-DAY OBJECTION DEADLINE] |

Petitioner is in the custody of the Bureau of Prisons at the Federal Correctional Institution in Mendota, California. He filed the instant federal petition on July 19, 2019, challenging his conviction and sentence pursuant to 28 U.S.C. § 2241. (Doc. 1.) For reasons that follow, the Court finds that Petitioner fails to satisfy the "savings clause" or "escape hatch" of § 2255(e). Therefore, the Court will recommend the petition be SUMMARILY DISMISSED.

## BACKGROUND

On June 7, 2015, Petitioner pled guilty in the United States District Court for the Southern District of Florida to robbery in violation of 18 U.S.C. § 1951(a). (Doc. 1 at 10.) A presentence report was prepared by the U.S. Probation Department which asserted that Petitioner was subject to an enhancement under the Armed Career Criminal Act ("ACCA"), because he had a prior conviction for

1

drug trafficking and a violent felony of fleeing and eluding pursuant to Florida Statute § 316.1935. (Doc. 1 at 10.)

On June 26, 2015, the Supreme Court decided <u>Johnson v. United States</u>, 135 S.Ct. 2251 (2015). In <u>Johnson</u>, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. <u>Id</u>. at 2257-58.

At sentencing on October 28, 2015, Petitioner, through counsel, challenged the career offender enhancement asserting that the fleeing and eluding conviction was not a violent felony pursuant to the Supreme Court's decision in <u>Johnson</u>. (Doc. 1 at 10.) The district court found that Petitioner was a career offender and sentenced him to 151 months in prison. (Doc. 1 at 10.)

Petitioner asked his attorney to file a notice of appeal, but his attorney failed to do so. Petitioner then filed a pro se notice of appeal on January 25, 2016. (Doc. 1 at 10.)

On February 18, 2016, the Eleventh Circuit issued its decision in <u>United States v. Garner</u>, 644 Fed.Appx. 880 (11th Cir. 2016). In <u>Garner</u>, the Eleventh Circuit held that a conviction for fleeing and eluding under Fla. Stat. § 316.1935 no longer qualified as a "violent felony" under the ACCA's residual clause in light of the Supreme Court's <u>Johnson</u> decision. <u>Garner</u>, 644 Fed.Appx. at 881.

On March 8, 2016, Petitioner filed a § 2255 motion alleging counsel had failed to file his notice of appeal and perfect an appeal raising the <u>Johnson</u> issue. (Doc. 1 at 10.) Petitioner states defense counsel advised him to withdraw his § 2255 motion due to an appeal waiver and other considerations, and he did so on March 28, 2016. (Doc. 1 at 10-11.)

On July 19, 2019, Petitioner filed the instant habeas petition. Petitioner claims the ACCA sentence enhancement is invalid because his prior conviction for fleeing and eluding did not qualify as a violent felony under the ACCA in light of <u>Johnson</u>.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.1988); <u>see also</u> <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. <u>Tripati</u>, 843 F.2d at 1163; <u>Hernandez v. Campbell</u>, 204 F.3d 861,

865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); see 28 U.S.C. § 2255(e). The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. Id., 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim.

Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. Ivy, 328 F.3d at 1060.

In this case, Petitioner challenges the validity and constitutionality of his conviction and sentence imposed by the United States District Court for the Southern District of Florida, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Florida District Court, not a habeas petition pursuant to § 2241 in this Court. Petitioner acknowledges this fact, but contends the remedy under § 2255 is inadequate and ineffective. Petitioner's argument is unavailing, because he does not present a claim of actual innocence or demonstrate that he has never had an unobstructed procedural opportunity to present his claim.

    A.  Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Actual innocence means factual innocence, not mere legal insufficiency. Id. Here, Petitioner is challenging his career offender classification under the Sentencing Guidelines. The Ninth Circuit has held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Marrero, 682 F.3d at 1193. In Marrero, the Ninth Circuit reasoned that such a claim was "purely a legal claim that has nothing to do with factual innocence." Id. The Ninth Circuit also noted that its "sister circuits are in accord that a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." Id. Relief under § 2241 is therefore foreclosed.

B. Unobstructed Procedural Opportunity

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a change in the law creating a previously unavailable legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (second emphasis added) (citing Ivy, 328 F.3d at 1060).

In this case, the legal basis for Petitioner's claim was available before sentencing. Indeed, as Petitioner states, he brought this challenge at sentencing. Petitioner alleges the law changed in the Eleventh Circuit with the Garner decision; however, this change does not mean the legal challenge was unavailable. As the Garner decision itself shows, the legal challenge was available. In any event, Garner was decided on February 18, 2016. Garner, 644 Fed.Appx. at 881. Therefore, the legal basis for Petitioner's claim was available on March 8, 2016, when he filed his first § 2255 motion.

Based on the foregoing, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be summarily dismissed for lack of jurisdiction.

//
//
//
//

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 1, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE