UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM WILLIAMS,<br><br>   Petitioner,<br><br>   v.<br><br>SCOTT YOUNG,<br><br>   Respondent. | No. 1:19-cv-00990-DAD-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 6) |

Petitioner Malcolm Williams is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 2, 2019, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed for lack of jurisdiction because petitioner (1) does not present a claim of actual innocence and (2) he does not contend that he did not have an unobstructed procedural shot to assert his habeas claims, both of which requirements must be met when a federal prisoner challenges the legality of his detention under § 2241 as opposed to § 2255. (Doc. No. 6.) On August 12, 2019, petitioner filed objections to the findings and recommendations. (Doc. No. 7.)

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including petitioner's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

In his objections, petitioner argues that the magistrate judge misinterpreted the applicable Ninth Circuit authority in finding that "'the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch.'" (Doc. No. 6 at 4) (quoting *Marrero v. Ives*, 682 F.3d 1190, 1195 (9th Cir. 2012). Petitioner contends that post-*Marrero*, the Ninth Circuit has held that "'the question whether a petitioner may ever be actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch'" was "left open" in *Marrero*. *Dorise v. Matevousian*, 692 F. App'x 864, 865 (9th Cir. 2017)[1] (quoting *Marrero*, 682 F.3d at 1193). This is true, and in fact was recognized by the court in *Marrero* itself. However, as the Ninth Circuit noted in *Dorise*, and as is applicable here:

> Even if we decided that the actual innocence exception applies to noncapital sentencing cases, [petitioner]'s claim is not cognizable for the purpose of qualifying to bring a § 2241 petition under the escape hatch. Although presented as an actual innocence claim, [petitioner]'s real argument is that he was incorrectly categorized as a career offender under U.S.S.G. § 4B1.1. As in *Marrero*, this claim is purely legal and "has nothing to do with factual innocence." 682 F.3d at 1193. [Petitioner] has not raised a constitutional claim. . . . Therefore, [petitioner] cannot bring his claim in a § 2241 petition.

*Id.* at 865–66. Moreover, the magistrate judge correctly found that petitioner had an unobstructed procedural shot to assert his claims in this regard at the time that he filed his first § 2255 motion in the Southern District of Florida because the legal basis for those claims was available at the time he sought relief from that court. (Doc. No. 6 at 5.) Petitioner objects, but in doing so does not meaningfully dispute the magistrate judge's finding on this point. Indeed, the undersigned has reviewed petitioner's § 2255 motion that was submitted by him to the court that sentenced him. That motion on its face reflects that petitioner was aware of the argument he now seeks to

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

2

assert before this court by way of petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See USA v. McGee, et al.*, 15-cr-60120-KAM-2, Doc. No. 84 at 5, 14 (S.D. Fla. Mar. 23, 2016) (noting the residual clause of the Armed Career Criminal Act was held unconstitutional by the Supreme Court and that this meant that petitioner therefore did not classify as a career offender). Accordingly, the court concludes that petitioner's objections do not effectively call into question the magistrate judge's conclusion that this petition should be dismissed for lack of jurisdiction.

Having concluded that the pending petition must be dismissed, the court now turns to whether a certificate of appealability should issue. *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA.") (citing *Porter v. Adams*, 244 F.3d 1006, 1006–07 (9th Cir. 2001)). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition should be dismissed to be debatable or wrong, or that petitioner should be allowed to proceed further.

/////
/////
/////
/////
/////
/////
/////

For the reasons set forth above,

1. The findings and recommendations (Doc. No. 6) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The Clerk of the Court is directed to close this case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **January 22, 2020**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE